UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**BILLY CARSHALL,**

    **Petitioner,**

v.

**DAVID ROGERS,[1]**

    **Respondent.**

Case No. 24-CV-104-RAW-DES

## OPINION AND ORDER

Petitioner Billy Carshall, a self-represented prisoner, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Pittsburg County, Case No. CF-2008-381. Respondent David Rogers has moved to dismiss the petition, arguing that Carshall failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d). Having considered the petition [Dkt. No. 1] and Respondent's motion to dismiss [Dkt. No. 6] and brief in support [Dkt. No. 7],[2] the Court grants Respondent's motion and dismisses the petition as barred by the statute of limitations.

    I.    B<small>ACKGROUND</small>

On August 7, 2009, Carshall entered a plea of guilty to first-degree manslaughter, in violation of O<small>KLA</small>. S<small>TAT</small>. tit. 21, § 711. Dkt. No. 7-2. The state district court imposed a forty-five

---

[1] Carshall presently is incarcerated at the Joseph Harp Correctional Center ("JHCC"), in Lexington, Oklahoma. Dkt. No. 10. The Court therefore substitutes the JHCC's current warden, David Rogers, in place of Carrie Bridges, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

[2] Carshall did not file a response to the motion to dismiss.

year term of imprisonment, with the last ten years suspended.  Dkt. No. 7-1, at 1.[3]  Carshall did not seek direct review of his conviction through a certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA").  Fourteen years after his conviction, however, on November 6, 2023, Carshall filed an application for postconviction relief, alleging (1) that the "trial court did not have jurisdiction because provisions in treaties between the United States and the Cherokee Nation reserves jurisdiction for crimes that occur within the Choctaw Nation Reservation to the tribe and the United States," and (2) that "trial counsel failed to provide effective assistance as required by the Sixth Amendment to the United States Constitution."  Dkt. No. 7-3, at 3-5.  The state district court denied Carshall's application on November 9, 2023.  Dkt. No. 7-4.  Carshall did not appeal the decision to the OCCA.  Instead, on December 5, 2023, Carshall filed an application for a writ of mandamus in the OCCA, in which he argues that the state district court's order failed to comply with Rule 5.4 of the Rules of the Oklahoma Court of Criminal Appeals.  Dkt. No. 7-5.  The OCCA denied Charshall's request for extraordinary relief on December 8, 2023.  Dkt. No. 7-6.

Carshall then initiated his federal habeas action on March 1, 2024, arguing that (1) "Oklahoma lacked jurisdiction" because Carshall is an Indian and his crime occurred within Indian Country, (2) he received ineffective assistance of counsel, (3) he was denied his right to a speedy trial in federal court, and (4) he has no remedy available in the state courts because they lacked jurisdiction to enter a final judgment against him.  Dkt. No. 1, at 5-11.

II.    Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

---

[3] The Court's citations refer to the CM/ECF header pagination.

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

    a.   The Applicable Limitations Period

Carshall fails to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D).  Instead, he contends that his petition is timely under § 2244(d)(1)(A) because, due to the alleged jurisdictional defect, his judgment never became "final."  Carshall states, "As the Oklahoma State Courts lacked jurisdiction over ANY potential appeal, Petitioner could not raise ANY potential appeal in the State's court of last resort, thereby unable to have ANY finality of the State's conviction for purposes of 28 U.S.C. § 2244(d)([1])(A)."  Dkt. No. 1, at 13.  However, even if Carshall could prove that the trial court lacked jurisdiction over his criminal prosecution and that the OCCA would have lacked jurisdiction over a direct appeal, had he pursued one, that would not mean that his judgment did not become "final," as that term is used in § 2244(d)(1)(A).  *See Green v. Nunn*, 606 F. Supp. 3d 1108, 1114 (N.D. Okla. 2002) ("[E]ven if [petitioner] could show that the trial court lacked jurisdiction and that his judgment is thus 'void,' that does not mean that his judgment could not be 'final'" for purposes of § 2244(d)(1)(A)).  The United States Court of Appeals for the

Tenth Circuit has rejected the argument that habeas claims challenging state court jurisdiction are exempt from the AEDPA's limitations period. *Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim," the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted)); *see Perry v. Crow*, 21-CV-0511-CVE-CDL, 2022 WL 1696540, *4 (N.D. Okla. May 26, 2022). Thus, Carshall's argument lacks merit.

Accordingly, the one-year limitations period for Carshall's habeas action began to run pursuant to § 2244(d)(1)(A) on the date on which his judgment became final by the expiration of Carshall's time to seek direct review. Carshall was afforded ten days from August 7, 2009, the date of his judgment, to initiate a direct appeal by requesting the withdrawal of his guilty plea. *See* Okla. Crim. App. R. 4.2(A); *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Carshall failed to do so, and his judgment therefore became final on August 17, 2009. The one-year limitations period for seeking federal habeas relief began to run the following day, on August 18, 2009, and expired one year later, on August 18, 2010, rendering Carshall's March 1, 2024, federal habeas petition untimely absent statutory or equitable tolling.

    b. <u>Statutory and Equitable Tolling</u>

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for postconviction relief filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th

Cir. 2006). Thus, Carshall's November 6, 2023, application for postconviction relief and December 5, 2023, application for a writ of mandamus do not toll the one-year limitations period.

Equitable tolling also may provide petitioners additional time in which to initiate their federal habeas actions. Equitable tolling, however, "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Nothing in Carshall's submissions indicates that he diligently pursued his claims or that extraordinary circumstances precluded the timely submission of his action. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)).

III.　CONCLUSION

Based on the foregoing, the Court grants Rogers's dismissal motion [Dkt. No. 6] and dismisses the petition as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of David Rogers in place of Carrie Bridges as party respondent;
2. respondent's motion to dismiss [Dkt. No. 6] is **granted**;
3. the petition for writ of habeas corpus [Dkt. No. 1] is **dismissed** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 15th day of January, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE